# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DONALD LOUIS LUBIN, JR.

       Plaintiff,

    vs.                                       CIV. NO. 18-609 KK

SOCIAL SECURITY ADMINISTRATION,
*Nancy A. Berryhill, Deputy Commissioner for*
*Operations, performing the duties and functions*
*not reserved to the Commissioner of Social*
*Security Administration*,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 8), filed on September 4, 2018. Plaintiff filed a Response on September 12, 2018 (Doc. 13); and Defendant did not file a reply. The Court has considered the parties' submissions, the record, and the relevant law. For the reasons that follow, the Court finds that Defendant's Motion is well taken and shall be granted.

## I.    Background

On June 28, 2018, Donald Louis Lubin, Jr. (Plaintiff) filed an untimely Complaint, through his attorney Michael D. Armstrong, seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration (the Commissioner). (Doc. 1.) The Commissioner's final decision was issued on March 1, 2018. (Doc. 1 at 1.) The Commissioner filed the present Motion seeking to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) [1] of

---

[1] A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may come in one of two forms—a "facial attack" or a "factual attack." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A facial attack, which challenges the sufficiency of the allegations in the complaint, relates to the plaintiff's obligation,

the Federal Rules of Civil Procedure on the ground that the time within which Plaintiff was permitted to file a civil action seeking review of the Commissioner's final decision expired on May 7, 2018. (Doc. 8 at 2.)

In Plaintiff's response to the Commissioner's Motion, and supported by accompanying affidavits by Plaintiff's counsel, Mr. Armstrong, and Mr. Armstrong's paralegal, Frankie Wylde, Plaintiff argues that although his Complaint was not timely filed, the applicable limitations period should be tolled on the ground of "excusable negligence" attributable to Ms. Wylde. (Doc. 13 at 3; Doc. 13-1; Doc. 13-2.) The circumstances underlying this "excusable negligence" involved Ms. Wylde's good faith, but mistaken, belief that Plaintiff's present claim was a continuation of a previously-filed claim. (Doc. 13-2 at 1.) Stated summarily, this misunderstanding led Ms. Wylde to file Plaintiff's Complaint outside of the limitations period, notwithstanding her sincere belief that she timely filed the Complaint. (Doc. 13-2 at 2.) Neither Ms. Wylde nor Mr. Armstrong were aware of this mistake, or of the untimeliness of the filing, until the Commissioner moved to dismiss Plaintiff's Complaint. (Doc. 13-1 at 2; Doc.13-2 at 2.)

## II.    The Relevant Law Governing Subject Matter Jurisdiction

The United States, as a sovereign, is immune from suit except under circumstances in which it has unequivocally expressed its consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* As such, "[i]n the absence of clear congressional consent" the court has no jurisdiction to entertain a lawsuit against the United States. *Id.* "It is to be presumed that a cause

---

under Federal Rule of Civil Procedure 8(a)(1), to demonstrate that the court has jurisdiction over the subject matter of the case. *Holt*, 46 F.3d at 1002; 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1350 (3d ed. 1998). "In reviewing a facial attack, a district court must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002. The limited facts in Plaintiff's Complaint are assumed true for the purpose of the Court's analysis.

lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the" plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

The Court's authority to review final decisions of the Commissioner of Social Security is exclusively governed by 42 U.S.C. Section 405. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any . . . tribunal except as herein provided."). Pursuant to 42 U.S.C. Section 405(g), a Social Security claimant may obtain review of the Commissioner's final decision by filing a civil action commenced within sixty days after the notice of the decision was mailed to him. The date of receipt is presumed to be five days after the date of the decision. 20 C.F.R. § 422.210(c). The 60-day statute of limitations is a condition on the waiver of sovereign immunity and is, thus, strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]ime limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity[.]").

## IV.    Analysis

The Commissioner argues that Plaintiff's Complaint must be dismissed because applying the 60-day time limit and adding five days for receipt of notice, the deadline for Plaintiff to file his civil action was May 7, 2018; but Plaintiff did not file his Complaint until June 28, 2018. (Doc. 1; Doc. 8 at 4.) Relying, primarily, on *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392, 395 (1993), for the proposition stated therein that throughout the Federal Rules of Civil Procedure (and in the Federal Rules of Bankruptcy Procedure, particularly), a standard of "excusable neglect" governs the courts' acceptance of late filings, Plaintiff argues that the circumstances here satisfy the excusable neglect standard. As

such, Plaintiff avers, the Court should permit an extension of time within which Plaintiff may file his Complaint. (Doc. 13 at 4-6.) Because this case does not present a circumstance in which Plaintiff failed to comply with a rule of procedure, Plaintiff's reliance on *Pioneer* and its progeny is not persuasive in the context of this case.

As stated earlier, the Court's authority to review final decisions of the Commissioner of Social Security is *exclusively* governed by 42 U.S.C. Section 405, pursuant to which a claimant must appeal from the final decision of the Commissioner within 60 days. *See* 42 U.S.C. § 405(g), (h). Tolling of the 60-day limit is appropriate in some cases—*i.e.*, where the Commissioner allows it, or where "the equities in favor of tolling the limitations period are . . . great"). 42 U.S.C. § 405(g) (permitting the Commissioner to allow "further time" beyond the 60-day limit within which a claimant may file a civil action seeking review of a final decision); *Bowen*, 476 U.S. at 480 ("While in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is in appropriate."). Typically, however, equitable tolling of a statutorily-mandated period of limitations is allowed "only sparingly" to avoid its unjust application to a plaintiff who has, for example, actively pursued his judicial remedies by filing a defective, but timely, pleading; or who has missed a deadline because he was tricked by his adversary's misconduct in that regard. *Irwin*, 498 U.S. at 96.

Equitable tolling does "not extend to . . . a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96 (holding that equitable tolling did not apply in a circumstance where a petitioner failed to comply with the limitations period applicable to a Title VII claim because his lawyer was out of the office when the EEOC sent a right-to-sue notice); *Holland v. Florida*, 560

U.S. 631, 651-52 (2010) ("A garden variety claim of attorney negligence" such as a "simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling" (citation omitted)).  The circumstances here are nothing more than a garden variety claim of excusable neglect which, notwithstanding the harsh result to Plaintiff, does not justify tolling the limitations period.  *See Davila v. Barnhart*, 225 F.Supp. 2d 337, 339  (S.D.N.Y 2002) (declining to equitably toll 42 U.S.C. § 405(g)'s 60-day limitations period where a complaint was filed one day late because the claimant's lawyer mistakenly believed that it was timely filed); *Belk v. Comm'r of Soc. Sec.*, No. 1:09cv74 GSA, 2009 WL 3748290, *2-3 (E.D. Cal. Nov. 5, 2009) (unpublished) (holding that various filing errors committed by a staff member at the plaintiff's lawyer's office did not warrant equitably tolling the sixty-day limitations period in 42 U.S.C. § 405(g)).  Plaintiff's Complaint shall be dismissed accordingly.

**V.**     <u>**Conclusion**</u>

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 8) is **GRANTED**.

**IT IS SO ORDERED.**

**KIRTAN KHALSA**
**United States Magistrate Judge**